Tucker, P.
The first question presented to the court in this case was whether the court has jurisdiction over the subject; and this must be ascertained by adverting to the pretensions of the plaintiff as set out in the bill itself.
The plaintiff, as creditor by three judgments against the estate of Conally Findlay Sf Co. comes into equity, alleging that Findlay had departed this life without paying the debt, and that his administrators had exhausted the whole amount of assets in paying other claims, without having discharged his. He then proceeds to state that Findlay at his death was in possession of some social real estate, which was liable for his debt, and also 'of real estate in his own right, which was also liable, and he prays that it may be sold for the payment of his demand. Thus far it is clear, though the bill is inartificially drawn, that the plaintiff had a right to come into equity against Conally Findlay’s representatives, to enforce his demand against the social real estate, if he could shew that it was chai’geable ; because it is very certain he could not reach that estate at law. The bill, then, is properly in court; and the true ques- *693 lion is, whether the plaintiff had a right to make the representatives of William King parties in the suit, he being the deceased partner, and not liable to be charged until the remedies against the surviving partner have been exhausted. The bill charges that William King was a partner in the concern of Conally Findlay Sf Co. and that his estate was amply sufficient to have paid all his debts, and those for which he was liable, but that only a small portion had come to the hands of White his administrator, though he had received ample funds from the profits of the salt works, which the plaintiff seeks to charge. Now here, I imagine, are ample grounds for bringing King’s representatives into court; it being conceded or shewn that those of Findlay are properly hero. For, in the first place, as King’s liability will depend upon the exhaustion of the funds which wore in the hands of the surviving partner of Conally Findlay Co. real as well as personal, and as the bill against the Findlays necessarily involved a settlement of the personal estate, it was right and proper that the representatives of King, who were the parties most interested in that question, should be before the court, to afford them an opportunity of contesting the settlement of the accounts of Findlay’s administrators. For if they would be hound by that settlement, it would be unreasonable that they should have no opportunity of contesting it; and if they would not be bound, it would be equally unreasonable to require the plaintiff to proceed with a settlement against the surviving partner, which would not avail him as evidence against the deceased partner. It is like a bill in equity to fix a devastavit on an executor. His sureties are proper parties, though they are not chargeable until his default has been established. Yet equity has never refused to convene them also, in a suit against the executor, on the ground that the default must be established before they can be *694 sued; because it is obviously for their benefit to have an opportunity of being parties to the audit of the accounts. So here, the deceased partner’s estate stands as surety for the debt, and those who are interested in ^ have a corresponding interest in being parties to the settlement; in having a chance to contest the alleged payments of the administrator, and to surcharge his credits. Nay more, they have an interest in seeing that there is a due account of the real funds of a social character ; and it is proper, for all these purposes, that they should be parties. The creditor may be uninformed; he may be ignorant of the existence of an available fund; and if he proceeds against the deceased partner’s estate, he will, according to the doctrine contended for, be dismissed from this forum, provided the defendants can find some fragment of the surviving partner’s estate, of which he knew nothing. Indeed, as they are ultimately liable to the creditor, he has a right to demand their assistance in discovering and charging the funds of the surviving partner. But secondly, as the object of this bill is to charge the social real funds, the representatives of the deceased partner are necessary parties. The legal title is presumed to be in them; and if it be, not, still they have a right to assert their equity to the real estate as their ancestor’s separate property, and to contest the allegation of its social character. , And both the creditor and the representatives of the surviving partner ai-e interested in those rights being settled and adjusted, since the social funds must encounter sacrifice, if they are outstanding and unascertained. Indeed, as it is in equity only that the social real estate is considered as personalty, and can be sold as such, it would seem essential that the heirs at law should be made parties to any proceeding, the object of which is to fix that character upon it, and to subject it to sale. The court then having jurisdiction of the case *695 against King’s representatives, as dependant upon the proceeding against Findlay’s representatives, it was premature to hear the cause and to dismiss the bill as to the former, before it was ready as to the latter.
The opinion of the court of appeals was in the following terms.
“ The court is of opinion that there is error in dismissing the bill of the complainant as to King’s representatives. The court of chancery having complete jurisdiction of the cause as against Conally Findlay’s representatives, the pending proceedings upon the scire facias being no bar to the bill in equity (2 Mad. Ch. 315. Mitf. Plead. 204.) and the plaintiff coming into that court for a settlement of the account of assets, fdr a discovery of the social real estate, and for the purpose of subjecting the real estate proper of the said Findlay to sale, as the value of it is so disproportionate to the demand, this court is of opinion that the representa,tives of William King the deceased partner were properly made parties, because they were ultimately chargeable in the event of Findlay’s funds proving inadequate, unless the equitable rights of the plaintiff against them were lost by his neglect or misconduct; and also because they were interested in the settlement of the administration account of Conally Findlay, and in surcharging and falsifying the same; and also because the plaintiff has a right to demand of them, as parties in interest, their aid in discovering and subjecting to payment the social funds, whether real or personal ; and lastly because the real funds of the said firm could not properly be trealed as personalty, without making the heirs of King parties, for the purpose of contesting the right to do so. The court is further of opinion that King’s representatives being properly before the court, and their liability being dependant upon *696 the issue of the proceedings, and the result of the enquiries, in relation to Findlay the surviving partner, it was premature to proceed to hear and dismiss the bill as to them, before it was matured as to Findlay’s representatives ; and that such dismission was therefore erroneous.”
Decree reversed, and cause remanded for further proceedings.